## WESTERN UNION TELEGRAPH CO. v. ANSON STATE BANK.  (No. 1497.)

(Court of Civil Appeals of Texas.  El Paso.
May 10, 1923.)

1. Telegraphs and telephones ☞65(2)—Petition for negligence in transmitting telegram to wire money held not to state cause of action.

Plaintiff bank received a message from defendant telegraph company to wire a certain sum of money· to another bank for payment to T.  The message was signed by one of plaintiff's customers, but on the original message as filed the customer's name was signed by T. Plaintiff alleged that by negligence of defendant in omitting the signature of T. it became a party to, and responsible for, the fraud in abetting T. to procure funds from plaintiff, but there was no allegation that either the other bank or defendant paid the money to plaintiff's customer or T.  Held that the petition did not state a cause of action.

2. Telegraphs and telephones ☞47—Liability for negligence in transmission of message to wire money held not shown.

In action by a bank for negligence in transmitting telegram to plaintiff asking it to wire a certain sum of money to another bank for payment to another party, whereby plaintiff claimed that defendant had become a party. to a fraud by aiding the other party to procure funds from plaintiff, where there was no evidence that the other bank, to which funds had been forwarded by plaintiff, had paid out the funds, refusal of defendant's peremptory instruction was error.

Appeal from Jones County Court; E. S. Cummings, Judge.

Action by the Anson State 'Bank against Western Union Telegraph Company.  Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellant.

J. F. Lindsey, of Anson, for appellee.

HARPER, C. J.  This suit was instituted by the Anson State Bank, Anson, Tex:, against the Western Union Telegraph Com-

pany for $125, and, for cause of action, alleged that:

"Plaintiff received the following telegram from defendant's agent and manager:

"Eugene Heral, President, Anson State Bank, Anson, Texas.  Wire one hundred twenty-five dollars to American State Bank, Burkburnett, Texas, for payment to H. C. Thomas, immediately.  G. W. Mayfield."

That plaintiff, relying on the correctness of said telegram, immediately wired the money for payment to the said G. W. Mayfield, who was a customer of plaintiff's bank, and paid the charges.  That the original telegram as filed should have been transmitted so as to read as follows:

"To Eugene Heral, President Anson State Bank, Anson, Texas.  Wire one hundred twenty-five dollars to American State Bank, Burkburnett, Texas, for payment to H. C. Thomas immediately.  (Signed) G. W. Mayfield, by H. C. Thomas."

. That the defendant negligently omitted the signature of H. C. Thomas, etc.  That by reason of the negligence the plaintiff has suffered the loss of $125.

The defendant answered by general demurrer, general denial, and, specially, that the plaintiff was guilty of contributory negligence in that it authorized the payment of the money without identification.

The case was submitted upon special issues and upon the verdict judgment was entered for $125.  From which an appeal is perfected.

Before passing upon the assignments of error, it appears that the petition states no cause of action.  It is alleged that plaintiff wired the money to be paid to G. W. Mayfield.

[1] No allegation as to the payor, whether the American State Bank or the defendant. There is no allegation that either paid the money to Mayfield or Thomas.  The only allegation in this respect is that plaintiff suffered a loss of $125.  It is alleged that by the negligence of the defendant it became a party to, and responsible for, the fraud wrought upon this plaintiff in aiding and abetting the said Thomas in fraudulently procuring funds from this plaintiff to which he was not entitled.  No statement as to how much Thomas got.  If the money was paid by· the Burkburnett Bank to Mayfield in accordance with the instructions in plaintiff's telegram, as alleged, there could be no liability. If the bank did not so pay it, then it is liable, not the telegraph company.

[2] Again, there is no evidence in this record that the bank at Burkburnett paid $125 to Thomas or any other person upon this message.· For all this record discloses this bank still has the money.  Mayfield does not testify that this bank did not pay him the money, and, so far as the statement of facts

goes, he may have received the money from the Burkburnett bank. So, under the evidence, the court should have given defendant's requested peremptory instruction.

Reversed and remanded.